## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, John Marquissee, being duly sworn, depose and state as follows:

### Affiant Background and Purpose of Application

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of one electronic device—described below and in Attachment A—that are currently in law enforcement's possession in the District of Vermont and the seizure from this device of the electronically stored information described in Attachment B.

2. The item to be searched:

    a. A Gray Samsung cellphone in evidence bag A5659560 that belongs to Marcial MORALES-GARCIA that was found in the center console and was claimed by MORALES-GARCIA; referred to as "The Device"

3. The applied-for warrant would authorize the forensic examination of the Device for the purpose of seizing electronically stored data, particularly described in Attachment B, that would provide evidence of immigration offenses by the user(s) of the Device, specifically violations of Title 8, United States Code, Sections 1324 and 1325. Based on my training and experience, the Device has been stored in a manner such that the data on them would remain intact and in the same condition as they were at the time of their seizure.

4. The device was found next to MORALES-GARCIA in the center console of the vehicle. When MORALES-GARCIA was arrested, he claimed that the device was his. The Device is currently located in a faraday bag in the evidence safe at the U.S. Border Patrol, Beecher Falls Border Patrol Station, 288 Vermont Route 114, Canaan, Vermont 05903

1

5. This application is in relation to United States Border Patrol's encounter with Marcial MORALES-GARCIA during a human-smuggling investigation. MORALES-GARCIA was detained on suspicion of violating 8 U.S.C. § 1324 on or about April 27, 2024, when U.S. Border Patrol Agents conducted a vehicle stop and witnessed two subjects in MORALES-GARCIA's vehicle, one of whom had recently illegally crossed the international border.

6. I am a Border Patrol Agent (BPA) Intelligence (Intel) [BPA(I)] with the United States Department of Homeland Security, Office of Border Patrol. I have been employed as a U.S. Border Patrol Agent since November 2008. I am currently assigned as an Intelligence Agent, and I work at the Beecher Falls Border Patrol Station in Canaan, Vermont (VT). I received formal training to identify and investigate alien smuggling and narcotics smuggling activities both at the United States Border Patrol Academy in Artesia, New Mexico from November 2008 to February 2009 and through regular and recurring on-the-job training and annual Virtual Learning Center course certifications.

7. Based on my training and experience, I am aware that individuals working together to commit crimes often use their cellular phones to contact one another, to research related topics, to navigate while driving, and to coordinate meeting locations. These tasks are frequently necessary in the Swanton Sector generally and in the Beecher Falls Station's Area of Responsibility (AOR) specifically; given the remote and rural nature of the AOR, arranging meetings at precise times and navigating to locations unlikely to appear on printed maps often requires the use of cellular devices. Further, I am aware that cellular phones and the cellular network often generate and record data without the phone users' necessarily being aware of or able to delete the data.

8. The information contained within this affidavit is based upon my training and experience, upon my own investigative efforts, and upon investigation by other law enforcement officers with whom I have spoken or whose reports I have reviewed. The following is either known to me personally or has been related to me by persons having direct knowledge of the events described below. It is meant to set forth probable cause to believe that the violation occurred and does not include every fact known to law enforcement about the events described below. Unless otherwise specified, the statements described in the following paragraphs are related in sum and substance and are not meant as direct quotations or complete descriptions.

## Probable Cause

9. On April 27, 2024, U.S. Border Patrol Agent (BPA) Mark Minigell was patrolling near the Chez Pidgeon Restaurant in Norton, Vermont in the Beecher Falls Station's Area of Responsibility (AOR). The Chez Pidgeon Restaurant was a seasonal restaurant that was only open during the winter months for snowmobilers. However, the Chez Pidgeon is now permanently closed. The Chez Pidgeon Restaurant is within .50 miles of the international border between Canada and the United States. This area has been frequently used in recent months by transnational organizations for human smuggling into the United States. As recently as March 29, 2024, law enforcement had interdicted a human-smuggling event where the aliens illegally crossed the international border near the Chez Pidgeon Restaurant and loaded up in a vehicle waiting in the parking lot.

10. At approximately 3:00 PM on April 27, 2024, BPA Minigell observed a red Kia Sorento bearing Florida registration BR48RW (suspect vehicle) parked at the closed Chez Pidgeon Restaurant. At that time, BPA Minigell only observed one person in the vehicle in the driver's seat. BPA Minigell ran a vehicle registration check on the license plates and the record

3

returned as a rental car. Human Smuggling Organizations commonly use rental cars to minimize liability to their personal assets. After seeing BPA Minigell in a marked U.S. Border Patrol vehicle, the driver, who was later identified as Marcial MORALES-GARCIA, departed the Chez Pidgeon Restaurant and traveled west along Route 114. MORALES-GARCIA then pulled into a summer vacation home that was unoccupied. The driver remained in the suspect vehicle and did not enter the vacation home. As BPA Minigell observed the suspect vehicle, he received another call for assistance and had to leave the area.

11. At approximately 6:15 PM, Swanton Sector Dispatch received information from the Royal Canadian Mounted Police that an illegal entry into the United States near Chez Pidgeon in Norton, VT was expected to occur. As result, BPA Minigell and BPA John Sue began observation of the area by sitting to the west and east of the Chez Pidgeon respectfully. BPA Sue observed a red sedan stop briefly near the Chez Pidgeon Restaurant and then depart traveling west along Route 114. As the vehicle traveled west, it passed BPA Minigell's location. As the vehicle passed BPA Minigell, he noticed that there were two additional passengers in the vehicle. As result, BPA Minigell conducted a vehicle stop.

12. During the vehicle stop, it was determined that MORALES-GARCIA was driving and that he had two passengers in the vehicle. The front passenger was identified as Mayra LOPEZ DE PAZ and the rear passenger was identified as Wilmer Jose MAYORGA. MAYORGA stated that he was a citizen and national of Guatemala and that he just crossed the international border illegally. All subjects were arrested and brought to the Beecher Falls Border Patrol Station for further processing and investigation. The SUBJECT DEVICE was found next to MORALES-GARCIA in the center console of the vehicle. MORALES-GARCIA claimed that the device was his. The Device is currently located in a faraday bag in the evidence safe at the

4

U.S. Border Patrol, Beecher Falls Border Patrol Station, 288 Vermont Route 114, Canaan, Vermont 05903.

13. At the station, I conducted an interview with LOPEZ DE PAZ where she was advised of her Miranda Rights and waived her right to representation. During the interview, LOPEZ DE PAZ stated that she left New Jersey with MORALES-GARCIA to come pick up his "friend" and bring the friend back to New Jersey. LOPEZ DE PAZ also gave consent to search her phone. In her WhatsApp messages, law enforcement noted a conversation between LOPEZ DE PAZ and MORALES-GARCIA. In this conversation, MORALES-GARCIA sent LOPEZ DE PAZ the location of the Chez Pidgeon.

14. Based on my training and experience, I am familiar with the methods frequently employed by human smugglers. One method historically employed by human smugglers in the Swanton Sector is for the organizer to have the aliens to be smuggled into the United States transported from a major metropolitan area (such as Toronto or Montreal) to a location near the United States border with Canada. The migrants are then dropped off in a remote and largely unmonitored location along the border and directed to walk across the border and meet up with a waiting vehicle in the United States. The waiting driver will then transport them within the United States in furtherance of their illegal entry. The organizers frequently track the migrants' progress via location sharing or GPS pin drops sent to and from phones carried by one or more of the migrants. The organizers then share that location information with the waiting drivers. Data reflecting those communications and location shares are frequently retained on the migrants' and drivers' phones, even if they attempt to delete the exchanged messages.

## Conclusion and Request

15. Based on the foregoing, I submit there is probable cause to believe that on or about April 27, 2024, Marcial MORALES-GARCIA violated 8 U.S.C. § 1324 by attempting to transport an individual—knowing or recklessly disregarding that the individual was an alien who had illegally entered the United States—within the United States in furtherance of their illegal entry. I further submit that the information contained in this affidavit establishes probable cause for the issuance of a search warrant authorizing the examination of the Device described in Attachment A and the seizure therefrom of data described in Attachment B.

16. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Dated at Burlington, in the District of Vermont, this 3rd day of May, 2024.

John Marquissee, Border Patrol Agent-Intelligence
U.S. Border Patrol, Department of Homeland Security

Sworn to by the applicant via reliable electronic means under Federal Rule of Criminal Procedure 4.1(b)(2)(A)—specifically, a video call—on this 3rd day of May, 2024.

Hon. Kevin J. Doyle, Magistrate Judge
United States District Court
District of Vermont